1  BENJAMIN T. MORTON (SBN 199158)
   bmorton@grsm.com
2  JENNIFER E. DUTY (SBN 245308)
   jduty@grsm.com
3  GORDON & REES LLP
   101 W. Broadway
4  Suite 1600
   San Diego, CA 92101
5  Telephone: (619) 696-6700
   Facsimile: (619) 696-7124
6
7  Attorneys for Plaintiff,
   VFS LEASING CO.

8
9                  **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

11  VFS LEASING CO.                          CASE NO. 5:17-cv-01568

12                          Plaintiff,       **COMPLAINT FOR:**

13          vs.                              **1) BREACH OF CONTRACT**
                                             **2) MONEY LENT**
14  TEAM LOGISTICS, INC., a California       **3) ACCOUNT STATED**
    Corporation; BIG D EXPRESS, INC., a      **4) BREACH OF GUARANTY**
15  California corporation; HERITAGE
    TRANSPORT, INC., a California            *[Pleaded under Sixteen Causes of*
16  corporation; BALJIT SINGH, an            *Action]*
    individual; DHARMINDER
17  RANDHAWA aka DHARMINDER
    SINGH RANDHAWA aka
18  DHARMINDER SINGH, an individual;
    MANVINDER KAUR aka
19  MANVINDER SINGH KAUR aka
    MANVINDER SINGH, an individual;
20
21                          Defendants.

22

23          1.      VFS LEASING CO. (hereafter referred to as "Plaintiff") is a

24  Delaware business trust with its principal place of business in Greensboro, North

25  Carolina. Plaintiff's sole beneficiary is VFS US LLC, a Delaware limited liability

26  company with its principal place of business in Greensboro, North Carolina. The

27  sole member of VFS US LLC is VNA Holding, Inc., a Delaware corporation with

28  its principal place of business in Greensboro, North Carolina. Plaintiff's

**Gordon & Rees LLP**
101 West Broadway
Suite 1600
San Diego, CA 92101

Undivided Trust Interest Trustee and Administrative Trustee is U.S. Bank, a national banking association, with its principal place of business in Minneapolis, Minnesota.  VFS Leasing's Delaware Trustee is U.S. Bank Trust National Association, a national banking association, with its principal place of business in Wilmington, Delaware.

2.     The obligation hereinafter mentioned was incurred by Defendants, and each of them, within the jurisdictional boundaries of the above-entitled Court and this Court is the proper Court for the trial of this action pursuant to 28 U.S.C. §1332.

3.     Plaintiff is authorized to do business and doing business in the counties of San Bernardino and Riverside, California.

4.     Plaintiff is informed and believes and thereon alleges that Defendant, TEAM LOGISTICS, INC. ("TEAM LOGISTICS"), is a corporation duly organized under the laws of the State of California and doing business in San Bernardino, California.

5.     Plaintiff is informed and believes and thereon alleges that Defendant, BIG D EXPRESS, INC.  ("BIG D EXPRESS"), is a corporation duly organized under the laws of the State of California and doing business in San Bernardino County, California.

6.     Plaintiff is informed and believes and thereon alleges that Defendant, HERITAGE TRANSPORT, INC. ("HERITAGE TRANSPORT"), is a corporation duly organized under the laws of the State of California and doing business in Riverside County, California.

7.     Plaintiff is informed and believes and thereon alleges that Defendant, BALJIT SIGNH ("SIGNH"), is an individual residing in Riverside County, California in the city of Riverside.

8.     Plaintiff is informed and believes and thereon alleges that Defendant, DHARMINDER RANDHAWA aka DHARMINDER SINGH RANDHAWA aka

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101

1  DHARMINDER SINGH ("RANDHAWA"), is an individual residing in San

2  Bernardino County, California in the city of Rancho Cucamonga.

3        9.    Plaintiff is informed and believes and thereon alleges that Defendant,

4  MANVINDER KAUR aka MANVINDER SINGH KAUR aka MANVINDER

5  SINGH ("KAUR"), is an individual residing in San Bernardino County, California

6  in the city of Rancho Cucamonga.

7        10.    Plaintiff is informed and believes and thereon alleges that at all times

8  herein mentioned, each Defendant was the agent, servant, and employee of each

9  and every other Defendant and, in doing the acts herein alleged, was acting within

10  the scope and pursuant to such agency and employment.  Alternatively, Plaintiff is

11  informed and believes that each Defendant ratified, approved, or condoned the

12  actions of every other Defendant.

13  **JURISDICTION**

14        11.    This is a contract action involving an unpaid lease under a Master

15  Lease Agreement and accompanying personal guarantees in excess of $75,000,

16  exclusive of interest and costs.  Plaintiff is a Delaware business trust with its

17  principal place of business in Greensboro, North Carolina.  Universal Investment is

18  a limited liability company duly organized under the laws of the State of California

19  and doing business in San Bernardino, California.  TEAM LOGISTICS is a

20  corporation duly organized under the laws of the State of California and doing

21  business in San Bernardino, California.  BIG D EXPRESS is a corporation duly

22  organized under the laws of the State of California and doing business in San

23  Bernardino County, California.  HERITAGE TRANSPORT is a corporation duly

24  organized under the laws of the State of California and doing business in Riverside

25  County, California.  SIGNH is an individual residing in Riverside County,

26  California in the city of Riverside.  RANDHAWA is an individual residing in San

27  Bernardino County, California in the city of Rancho Cucamonga. KAUR is an

28  individual residing in San Bernardino County, California in the city of Rancho

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101

Cucamonga.

12.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332.

## FIRST CLAIM FOR RELIEF

(Breach of Written Contract – Lease No. 1, against Defendant, Team Logistics)

13.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 9, inclusive, as though fully set forth herein.

14.    On or about July 29, 2013, Team Logistics, for valuable consideration, executed a Lease Agreement with VFS Leasing Co.,  as a finance lease to acquire a 2014 Volvo VNL64T 670, VIN Number 4V4NC9EJXEN155687 ( "Vehicle No. 1").  A true and correct copy of the Lease Agreement No. 1 is attached hereto as Exhibit "1" and incorporated herein by reference, and will hereinafter be referred to as "Lease No. 1."

15.    In connection with Lease Agreement No. 1, Team Logistics executed a Terminal Rental Adjustment Clause Schedule that provided that Team Logistics was to pay an initial rental payment of $13,500.00 and forty-seven (47) monthly rental payments of $2,570.00.  A true and correct copy of the Terminal Rental Adjustment Clause Schedule is attached hereto as **Exhibit "2"** and hereafter referred to as part of Lease No. 1.

16.    Team Logistics defaulted under the terms of Lease No. 1 by, inter alia, failing to remit payments due thereunder.

17.    Pursuant to the terms of Lease No. 1, Team Logistics gave Plaintiff the right to resort to Vehicle No. 1 in fulfillment of all obligations due under the agreement, cancel Lessee's rights to the equipment, and declare immediately due and payable in full all rental amounts then owing, together with expenses reasonably incurred by Plaintiff in any disposition thereof, should Team Logistics default in any way thereunder.

18.    Following Team Logistics' default, Vehicle No. 1 was recovered and

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101

sold for $32,000.00 in a commercially reasonable manner.

19.     Following Team Logistics' default and after applying the net proceeds from the sale of Vehicle No. 1, there is now due and owing from Team Logistics to Plaintiff the sum of $38,285.19, plus interest at the rate of 18% per annum from the date of default until paid.

20.     Plaintiff has performed all obligations on its part to be performed under the terms of Lease No. 1.

21.     Lease No. 1 also provides that Team Logistics will pay Plaintiff's reasonable attorneys' fees incurred in enforcing the terms of Lease No. 1, together with all costs incurred therewith.  It has become necessary for Plaintiff to engage the law firm of Gordon & Rees for the purpose of bringing this action.  Therefore, Plaintiff is entitled to a further and additional sum as and for reasonable attorneys' fees which it has incurred in this action.

## SECOND CLAIM FOR RELIEF

(Account Stated- Lease No. 1 against Defendant, Team Logistics)

22.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 inclusive, as though set forth in full.

23.     Within the past two years an account was stated in writing by and between Plaintiff and Team Logistics wherein it was agreed that Team Logistics was indebted to Plaintiff in the sum of $135,667.02 plus contractual charges.

24.     All of said sum has not been paid, although demand therefor has been made, there is now due, owing, and unpaid from Team Logistics the sum of $38,285.19, plus interest from the date of default, until paid.

## THIRD CLAIM FOR RELIEF

(Money Lent-Lease No. 1 against Defendant, Team Logistics)

25.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 inclusive, as though set forth in full.

26.     Within the last two years, Team Logistics became indebted to Plaintiff

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101

in the sum of $135,667.02 for money lent by Plaintiff to Team Logistics at his insistence and request.

27.     Although demand therefor has been made, there is now due, owing, and unpaid to Plaintiff from Team Logistics the sum of $38,285.19 plus interest from the date of default, until paid.

## FOURTH CLAIM FOR RELIEF

(Breach of Written Contract – Lease No. 2 against Defendant, Big D. Express)

28.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 9, inclusive, as though fully set forth herein.

29.     On or about July 29, 2013, Big D Express, for valuable consideration, executed Lease Agreement with VFS Leasing Co., as a finance lease to acquire a 2014 Volvo VNL64T 670, VIN Number 4V4NC9EJ6EN155685 ( "Vehicle No. 2").  A true and correct copy of the Lease Agreement No. 2 is attached hereto as **Exhibit "3"** and incorporated herein by reference, and will hereinafter be referred to as "Lease No. 2."

30.     In connection with Lease No. 2, Big D Express executed a Terminal Rental Adjustment Clause Schedule that provided that Team Logistics was to pay an initial rental payment of $13,500.00 and forty-seven (47) monthly rental payments of $2,570.00.  A true and correct copy of the Terminal Rental Adjustment Clause Schedule is attached hereto as **Exhibit "4"**  and hereafter referred to as part of Lease No. 2**.**

31.     Big D Express defaulted under the terms of Lease No. 2 by, inter alia, failing to remit payments due thereunder.

32.     Pursuant to the terms of Lease No. 2, Big D Express gave Plaintiff the right to resort to Vehicle No. 2 in fulfillment of all obligations due under the agreement, cancel Lessee's rights to the equipment, and declare immediately due and payable in full all rental amounts then owing, together with expenses reasonably incurred by Plaintiff in any disposition thereof, should Big D Express

**Gordon & Rees LLP**
101 West Broadway
Suite 1600
San Diego, CA  92101

default in any way thereunder.

33.     Following Big D's default, Vehicle No. 2 was recovered and sold for $32,000.00 in a commercially reasonable manner.

34.     Following Big D's default and after applying the net proceeds from the sale of Vehicle No. 2, there is now due and owing from Big D to Plaintiff the sum of $42,584.54, plus interest at the rate of 18% per annum from the date of default until paid.

35.     Plaintiff has performed all obligations on its part to be performed under the terms of Lease No. 2.

36.     Lease No. 2 also provides that Big D Express will pay Plaintiff's reasonable attorneys' fees incurred in enforcing the terms of Lease No. 2, together with all costs incurred therewith.  It has become necessary for Plaintiff to engage the law firm of Gordon & Rees for the purpose of bringing this action.  Therefore, Plaintiff is entitled to a further and additional sum as and for reasonable attorneys' fees which it has incurred in this action.

## FIFTH CLAIM FOR RELIEF

(Account Stated – Lease No. 2 against Defendant, Big D Express)

37.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 9 and 26 through 33 inclusive, as though set forth in full.

38.     Within the last four years an account was stated in writing by and between Plaintiff and Big D Express wherein it was agreed that Big D Express was indebted to Plaintiff in the total sum of $134,557.02, plus contractual charges.

39.     All of said sum has not been paid, although demand therefor has been made, there is now due, owing, and unpaid from Big D Express the sum of $42,584.54, plus interest from the date of default, until paid.

## SIXTH CLAIM FOR RELIEF

(Money Lent – Lease No. 2 against Defendant, Big D Express)

40.     Plaintiff incorporates the allegations contained in Paragraphs 1

**Gordon & Rees LLP**
101 West Broadway
Suite 1600
San Diego, CA  92101

1   through 9 and 26 through 36 inclusive, as though set forth in full.

2       41.    Within the last two years Defendant became indebted to Plaintiff in

3   the sum of $135,667.02 for money lent by Plaintiff to Big D Express at his

4   insistence and request.

5       42.    Although demand therefor has been made, there is now due, owing,

6   and unpaid to Plaintiff from Defendant the sum of $42,584.54, plus interest from

7   the date of default, until paid.

8                         **SEVENTH CLAIM FOR RELIEF**

9       (Breach of Written Contract – Lease No. 3. against Defendant, Team Logistics)

10      43.    Plaintiff incorporates the allegations contained in Paragraphs 1

11  through 9, inclusive, as though fully set forth herein.

12      44.    On or about March 13, 2014, Team Logistics, for valuable

13  consideration, executed Lease Agreement with VFS Leasing Co., as a finance lease

14  to acquire two  2014 Volvo VNL64T 670s, with VIN Number

15  4V4NC9EJ2EN163590 ( "Vehicle No. 3") and VIN Number

16  4V4NC9EJ2EN163589 ( "Vehicle No. 4").  A true and correct copy of the Lease

17  Agreement No. 3 is attached hereto as **Exhibit "5"** and incorporated herein by

18  reference, and will hereinafter be referred to as "Lease No. 3."

19      45.    In connection with Lease No. 3, Team Logistics executed a Terminal

20  Rental Adjustment Clause Schedule that provided that Team Logistics was to pay

21  an initial rental payment of $27,000 and forty-seven (47) monthly rental payments

22  of $5,157.12.  A true and correct copy of the Terminal Rental Adjustment Clause

23  Schedule is attached hereto as **Exhibit "6" and hereafter referred to as part of**

24  **Lease No. 3.**

25      46.    Team Logistics defaulted under the terms of Lease No. 3 by, inter

26  alia, failing to remit payments due thereunder.

27      47.    Pursuant to the terms of Lease No. 3, Team Logistics gave Plaintiff

28  the right to resort to Vehicle Nos. 3 and 4 in fulfillment of all obligations due under

**Gordon & Rees LLP**
101 West Broadway
Suite 1600
San Diego, CA 92101

the agreement, cancel Lessee's rights to the equipment, and declare immediately due and payable in full all rental amounts then owing, together with expenses reasonably incurred by Plaintiff in any disposition thereof, should Team Logistics default in any way thereunder.

48.   Following Team Logistics' default, Vehicle Nos. 3 and 4 were recovered and collectively sold for $73,252.00 in a commercially reasonable manner.

49.   Following Team Logistics' default and after applying the net proceeds from the sale of Vehicle Nos. 3 and 4, there is now due and owing from Team Logistics' to Plaintiff the sum of $106,047.68, plus interest at the rate of 18% per annum from the date of default until paid.

50.   Plaintiff has performed all obligations on its part to be performed under the terms of Lease No. 3.

51.   Lease No. 3 also provides that Team Logistics will pay Plaintiff's reasonable attorneys' fees incurred in enforcing the terms of Lease No. 3, together with all costs incurred therewith.  It has become necessary for Plaintiff to engage the law firm of Gordon & Rees for the purpose of bringing this action.  Therefore, Plaintiff is entitled to a further and additional sum as and for reasonable attorneys' fees which it has incurred in this action.

## EIGHTH CLAIM FOR RELIEF

(Account Stated – Lease No. 3 against Defendant, Team Logistics)

52.   Plaintiff incorporates the allegations contained in Paragraphs 1 through 9 and 41 through 48 inclusive, as though set forth in full.

53.   Within the last three years an account was stated in writing by and between Plaintiff and Team Logistics wherein it was agreed that Team Logistics was indebted to Plaintiff in the total sum of $269,151.68, plus contractual charges.

54.   All of said sum has not been paid, although demand therefor has been made, there is now due, owing, and unpaid from Team Logistics the sum of

**Gordon & Rees LLP**
101 West Broadway
Suite 1600
San Diego, CA  92101

1 | $106,047.68, plus interest from the date of default, until paid.

2 | **NINTH CLAIM FOR RELIEF**

3 | (Money Lent- Lease No. 3 against Defendant, Team Logistics)

4 | 55.    Plaintiff incorporates the allegations contained in Paragraphs 1

5 | through 9 and 41through 51 inclusive, as though set forth in full.

6 | 56.    Within the last three years Defendant became indebted to Plaintiff in

7 | the sum of $269,151.68 for money lent by Plaintiff to Team Logistics at his

8 | insistence and request.

9 | 57.    Although demand therefor has been made, there is now due, owing,

10 | and unpaid to Plaintiff from Defendant the sum of $106,047.68, plus interest from

11 | the date of default, until paid.

12 | **TENTH CLAIM FOR RELIEF**

13 | (Breach of Written Contract – Lease No. 4 against Defendant, Big D Express)

14 | 58.    Plaintiff incorporates the allegations contained in Paragraphs 1

15 | through 9, inclusive, as though fully set forth herein.

16 | 59.    On or about March 13, 2014, Big D Express, for valuable

17 | consideration, executed Lease Agreement with VFS Leasing Co., as a finance lease

18 | to acquire a 2014 Volvo VNL64T 670, VIN Number 4V4NC9EJ4EN163591 (

19 | "Vehicle No. 5").  A true and correct copy of the Lease Agreement No. 4 is

20 | attached hereto as **Exhibit "7"** and incorporated herein by reference, and will

21 | hereinafter be referred to as "Lease No. 4."

22 | 60.    In connection with Lease No. 4, Big D Express executed a Terminal

23 | Rental Adjustment Clause Schedule that provided that Big D Express was to pay

24 | an initial rental payment of $13,500.00 and forty-seven (47) monthly rental

25 | payments of $2,587.63.  A true and correct copy of the Terminal Rental

26 | Adjustment Clause Schedule is attached hereto as **Exhibit "8" and hereafter**

27 | **referred to as part of Lease No. 4.**

28 | 61.    Big D Express defaulted under the terms of Lease No. 4 by, inter alia,

**Gordon & Rees LLP**
101 West Broadway
Suite 1600
San Diego, CA 92101

failing to remit payments due thereunder.

62.     Pursuant to the terms of Lease No. 4, Big D Express gave Plaintiff the right to resort to Vehicle No. 5 in fulfillment of all obligations due under the agreement, cancel Lessee's rights to the equipment, and declare immediately due and payable in full all rental amounts then owing, together with expenses reasonably incurred by Plaintiff in any disposition thereof, should Big D Express default in any way thereunder. Although demand has been made by Plaintiff for Big D Express to surrender Vehicle No. 5, Big D Express refuses to provide same.

63.     Following Big D's default, Vehicle No. 5 was recovered and sold for $37,251.00 in a commercially reasonable manner.

64.     Following Big D Express' default, there is now due and owing from Big D Express to Plaintiff the sum of $23,923.22 plus contractual default interest at the rate of 18% per annum from the date of default until paid.

65.     Plaintiff has performed all obligations on its part to be performed under the terms of Lease No. 4.

66.     Lease No. 4 also provides that Big D Express will pay Plaintiff's reasonable attorneys' fees incurred in enforcing the terms of Lease No. 4, together with all costs incurred therewith.  It has become necessary for Plaintiff to engage the law firm of Gordon & Rees for the purpose of bringing this action.  Therefore, Plaintiff is entitled to a further and additional sum as and for reasonable attorneys' fees which it has incurred in this action.

## ELEVENTH CLAIM FOR RELIEF

(Account Stated- Lease No. 4 against Defendant, Big D Express)

67.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 9 and 56 through 63 inclusive, as though set forth in full.

68.     Within the last three years an account was stated in writing by and between Plaintiff and Big D Express wherein it was agreed that Big D Express was indebted to Plaintiff in the total sum of $134,970.84, plus contractual charges.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101

69.     All of said sum has not been paid, although demand therefor has been made, there is now due, owing, and unpaid from Big D Express the sum of $23,923.22, plus interest from the date of default, until paid.

## TWELFTH CLAIM FOR RELIEF

(Money Lent- Lease No. 4 against Defendant, Big D Express)

70.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 9 and 55 through 66 inclusive, as though set forth in full.

71.     Within the last three years Defendant became indebted to Plaintiff in the sum of $134,970.84 for money lent by Plaintiff to Big D Express at his insistence and request.

72.     Although demand therefor has been made, there is now due, owing, and unpaid to Plaintiff from Defendant the sum of $23,923.22, plus interest from the date of default, until paid.

## THIRTEENTH CLAIM FOR RELIEF

(Breach of Continuing Guaranty No. 1 against SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT, and KAUR)

73.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 9 and 11 through 69 inclusive, as though set forth in full.

74.     On or about July 29, 2013, SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT and KAUR executed and delivered to Plaintiff a written Continuing Guaranty ("Guaranty No. 1") by which they guaranteed to Plaintiff payment of all of the obligations of Team Logistics then owing or thereafter incurred, together with accrued interest, costs and attorneys' fees incurred in the collection thereof and the enforcement of Guaranty No. 1.  A copy of Guaranty No. 1 is attached hereto, marked **Exhibit "9"** and incorporated herein by reference.

75.     In reliance on Guaranty No. 1, Plaintiff leased Team Logistics various trucks, including the lease evidenced by Exhibits "1 and 2" attached hereto.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101

76.     Pursuant to the terms of Guaranty No. 1, demand has been made on SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT and KAUR to pay the sum the current amount owed under the Lease Agreement No. 1 and Terminal Rental Adjustment Clause Schedule.  However, SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT, and KAUR refuse to pay said sum, or any part thereof, and the sum of $38,285.19, together with accrued interest thereon, is due and payable from SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT, and KAUR to Plaintiff.

77.     Guaranty No. 1 provides that SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT, and KAUR will pay all expenses and costs incurred by Plaintiff in enforcing Guaranty No. 1 including, but not limited to, reasonable attorneys' fees.

## FOURTEENTH CLAIM FOR RELIEF

(Breach of Continuing Guaranty No. 2 against SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISTICS, and KAUR)

78.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 9 and 11 through 69 inclusive, as though set forth in full.

79.     On or about July 29, 2013, SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISICS and KAUR executed and delivered to Plaintiff a written Continuing Guaranty ("Guaranty No. 2") by which they guaranteed to Plaintiff payment of all of the obligations of Big D Express then owing or thereafter incurred, together with accrued interest, costs and attorneys' fees incurred in the collection thereof and the enforcement of Guaranty No. 2.  A copy of Guaranty No. 2 is attached hereto, marked **Exhibit "10"** and incorporated herein by reference.

80.     In reliance on Guaranty No. 2, Plaintiff leased Big D Express various trucks, including the lease evidenced by Exhibits "3 and 4" attached hereto.

81.     Pursuant to the terms of Guaranty No. 2, demand has been made on

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101

SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISICS and KAUR to pay the sum the current amount owed under the Lease Agreement No. 2 and Terminal Rental Adjustment Clause Schedule.  However, SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISICS and KAUR refuse to pay said sum, or any part thereof, and the sum of $42,584.54, together with accrued interest thereon, is due and payable from SINGH, HERTITAGE TRANSPORT, RANDHAWA, TEAM LOGISICS and KAUR to Plaintiff.

82.    Guaranty No. 2 provides that SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISICS and KAUR will pay all expenses and costs incurred by Plaintiff in enforcing Guaranty No. 2 including, but not limited to, reasonable attorneys' fees.

### FIFTEENTH CLAIM FOR RELIEF

(Breach of Continuing Guaranty No. 3 against SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT, and KAUR)

83.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 9 and 11 through 69 inclusive, as though set forth in full.

84.    On or about July 19, 2013, SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT and KAUR executed and delivered to Plaintiff a written Continuing Guaranty ("Guaranty No. 3") by which they guaranteed to Plaintiff payment of all of the obligations of Team Logistics then owing or thereafter incurred, together with accrued interest, costs and attorneys' fees incurred in the collection thereof and the enforcement of Guaranty No. 3.  A copy of Guaranty No. 3 is attached hereto, marked **Exhibit "11"** and incorporated herein by reference.

85.    In reliance on Guaranty No. 3, Plaintiff leased Team Logistics various trucks, including the lease evidenced by Exhibits "5 and 6" attached hereto.

86.    Pursuant to the terms of Guaranty No. 3, demand has been made on SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT and

**Gordon & Rees LLP**
101 West Broadway
Suite 1600
San Diego, CA  92101

KAUR to pay the sum the current amount owed under the Lease Agreement No. 3 and Terminal Rental Adjustment Clause Schedule.  However, SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT and KAUR refuse to pay said sum, or any part thereof, and the sum of $106,047.68, together with accrued interest thereon, is due and payable from SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT and KAUR to Plaintiff.

87.     Guaranty No. 3 provides that SINGH, BIG D EXPRESS, RANDHAWA, HERITAGE TRANSPORT and KAUR will pay all expenses and costs incurred by Plaintiff in enforcing Guaranty No. 3 including, but not limited to, reasonable attorneys' fees.

## SIXTEENTH CLAIM FOR RELIEF

(Breach of Continuing Guaranty No. 4 against SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISTICS, and KAUR)

88.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 9 and 11 through 69 inclusive, as though set forth in full.

89.     On or about July 29, 2013, SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISTICS and KAUR executed and delivered to Plaintiff a written Continuing Guaranty ("Guaranty No. 4") by which they guaranteed to Plaintiff payment of all of the obligations of Big D Express then owing or thereafter incurred, together with accrued interest, costs and attorneys' fees incurred in the collection thereof and the enforcement of Guaranty No. 4.  A copy of Guaranty No. 4 is attached hereto, marked **Exhibit "12"** and incorporated herein by reference.

90.     In reliance on Guaranty No. 4, Plaintiff leased Team Logistics various trucks, including the lease evidenced by Exhibits "7 and 8" attached hereto.

91.     Pursuant to the terms of Guaranty No. 4, demand has been made on SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISTICS and KAUR to pay the sum the current amount owed under the Lease Agreement No. 4

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101

and Terminal Rental Adjustment Clause Schedule.  However, SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISTICS and KAUR refuse to pay said sum, or any part thereof, and the sum of $23,923.22, together with accrued interest thereon, is due and payable from SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISTICS and KAUR to Plaintiff.

92.    Guaranty No. 4 provides that SINGH, HERITAGE TRANSPORT, RANDHAWA, TEAM LOGISTICS and KAUR will pay all expenses and costs incurred by Plaintiff in enforcing Guaranty No. 4 including, but not limited to, reasonable attorneys' fees.

## PRAYER

**ON THE FIRST CLAIM FOR RELIEF (Breach of Contract -Lease No. 1):**

1.    For damages in the sum of $38,285.19;

2.    For default interest at the contractual rate of 18%;

3.    For reasonable attorneys' fees; and

4.    For costs of suit incurred herein.

**ON THE SECOND AND THIRD CLAIMS FOR RELIEF (Account Stated & Money Lent- Lease No. 1):**

5.    For damages in the sum of $38,285.19;

6.    For interest at the legal rate; and

7.    For costs of suit incurred herein.

**ON THE FOURTH CLAIM FOR RELIEF (Breach of Contract-Lease No. 2):**

8.    For damages in the sum of $42,584.54

9.    For default interest at the contractual rate of 18%;

10.    For reasonable attorneys' fees; and

11.    For costs of suit incurred herein.

**ON THE FIFTH AND SIXTH CLAIMS FOR RELIEF (Account Stated & Money Lent- Loan No. 2):**

12.    For damages in the sum of $42,584.54;

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101

13. For interest at the legal rate; and

14. For costs of suit incurred herein.

**ON THE SEVENTH CLAIM FOR RELIEF (Breach of Contract-Lease No. 3):**

15. For damages in the sum of $106,047.68

16. For default interest at the contractual rate of 18%;

17. For reasonable attorneys' fees; and

18. For costs of suit incurred herein.

**ON THE EIGHTH AND NINETH CLAIMS FOR RELIEF (Account Stated & Money Lent- Loan No. 3):**

19. For damages in the sum of $106,047.68;

20. For interest at the legal rate; and

21. For costs of suit incurred herein.

**ON THE TENTH CLAIM FOR RELIEF (Breach of Contract-Lease No. 4):**

22. For damages in the sum of $23,923.22

23. For default interest at the contractual rate of 18%;

24. For reasonable attorneys' fees; and

25. For costs of suit incurred herein.

**ON THE ELEVENTH AND TWELVTH CLAIMS FOR RELIEF (Account Stated & Money Lent- Loan No. 4):**

26. For damages in the sum of $23,923.22;

27. For interest at the legal rate; and

28. For costs of suit incurred herein.

**ON THE THIRTEENTH CLAIM FOR RELIEF (Breach of Guaranty No 1):**

29. For damages in the sum of $144,332.87;

30. For interest at the contractual default rate of 18%;

31. For reasonable attorneys' fees; and

32. For costs of suit incurred herein.

**Gordon & Rees LLP**
101 West Broadway
Suite 1600
San Diego, CA 92101

**ON THE FOURTEENTH CLAIM FOR RELIEF (Breach of Guaranty No 2):**

33.   For damages in the sum of $66,507.76;

34.   For interest at the contractual default rate of 18%;

35.   For reasonable attorneys' fees; and

36.   For costs of suit incurred herein.

**ON THE FIFTEENTH CLAIM FOR RELIEF (Breach of Guaranty No 3):**

37.   For damages in the sum of $144,332,87;

38.   For interest at the contractual default rate of 18%;

39.   For reasonable attorneys' fees; and

40.   For costs of suit incurred herein.

**ON THE SIXTEENTH CLAIM FOR RELIEF (Breach of Guaranty No 4):**

41.   For damages in the sum of $66,507.76;

42.   For interest at the contractual default rate of 18%;

43.   For reasonable attorneys' fees; and

44.   For costs of suit incurred herein.

**ON ALL CLAIMS FOR RELIEF:**

45.   For such other and further relief as the Court deems just and proper.

Dated: August 4, 2017                    Respectfully submitted,

GORDON & REES, LLP


*s/Benjamin T. Morton*

Benjamin T. Morton, Esq.
Jennifer E. Duty, Esq.
Counsel for Plaintiffs, VFS LEASING CO.

**Gordon & Rees LLP**
101 West Broadway
Suite 1600
San Diego, CA 92101

1139229/34025876v.1